UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENT J. PRESTON,<br><br>               Plaintiff,<br><br>   v.<br><br>WIRELESS COMMUNICATIONS INC, d/b/a Cellular Plus, a Montana corporation, et al.,<br><br>               Defendants. | CASE NO. C19-5117 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER AND DEFENSES TO ASSERT COUNTERCLAIMS |

This matter comes before the Court on Defendants Wireless Communications, Inc., d/b/a Cellular Plus ("Cellular Plus"), Dustin Millican ("Millican"),[1] Aaron Martinson ("Martinson"), Matt Schwartz ("Schwartz"), and David Chandler's ("Chandler") (collectively "Defendants") motion for leave to amend answer and defenses to assert counterclaims. Dkt. 14. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

---

[1] Dustin "Milican" is listed in the complaint, but Defendants' answer informs the Court that his last name is properly spelled "Millican." Dkt. 14 at 7.

ORDER - 1

# I. PROCEDURAL AND FACTUAL HISTORY

Plaintiff Kent J. Preston ("Preston") is an Army Specialist in the Oregon Army National Guard. Dkt. 1, ¶ 1.1. Preston alleges that during his employment with Cellular Plus, he was discriminated against based on his military service. Preston's claims are for discrimination, failure to reemploy, unlawful retaliation, and unlawful discharge in violation of the Uniformed Services Employment and Reemployment Right Act, 38 U.S.C. §§ 4301–4335, and for unlawful discrimination in violation of the Washington Law Against Discrimination, RCW Chapter 49.60. *Id*. ¶¶ 3.1–10.3.

Relevant to the instant motion, Preston alleges he recorded three interactions with Defendants with permission. On August 23, 2018 Preston recorded a conversation with Millican, the Cellular Plus store manager. *Id*., ¶¶ 2.10–2.11. On August 24, 2018, Preston recorded a conversation with Martinson, the Regional Manager. *Id*. ¶ 2.21. On August 27, 2018, Preston recorded a meeting with Schwartz, the Cellular Plus Regional Trainer, and Chandler, Cellular Plus's corporate Human Resources Director. *Id*. ¶¶ 2.29–2.30.

Preston filed his complaint on February 12, 2019. Dkt. 1. On March 13, 2019, Defendants answered. Dkt. 6. On March 21, 2019, Preston moved to strike affirmative defenses from Defendants' answer. Dkt. 9. On March 27, 2019, Defendants filed an amended answer, Dkt. 10, and Preston withdrew his motion, Dkt. 11.

On August 15, 2019, Defendants filed the instant motion for leave to amend answer to assert counterclaims. Dkt. 15. On September 3, 2019, Preston responded. Dkt. 16. On September 5, 2019, Defendants replied. Dkt. 20.

## II. DISCUSSION

**A. Rule 16**

"[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The pretrial scheduling order set the deadline for amended pleadings as July 15, 2019. Dkt. 13. Defendants filed their motion to amend on August 15, 2019. Dkt. 14. Defendants seek to amend their answer to assert counterclaims under the right of privacy, RCW Chapter 9.73. Dkt. 14. Discovery is scheduled to close on May 11, 2020. Dkt. 13.

Defendants argue that Preston produced evidence in discovery of conversations he recorded which led them to conclude Preston made at least two recordings in violation of Washington law. Dkt. 14 at 2. Defendants' proposed second amended answer alleges Preston unlawfully recorded an August 23, 2018 conversation with Millican (first

counterclaim) and an August 29, 2018 conversation with Schwartz and Chandler (second counterclaim). Dkt. 14 at 23–24.[2]

Regarding the first counterclaim, Preston argues Defendants became aware of the recording when Preston emailed that recording to Chandler at Chandler's request on August 27, 2018. Dkt. 16 at 7. Preston provides a declaration and copy of the email showing he stated at the time that the recording was with permission. Dkt. 16 at 7 (citing Dkt. 18 & Ex. B). Regarding the second counterclaim, Preston argues that because Defendants' first answer admitted Preston had permission to record the conversation, Defendants cannot now argue they were unaware of the recording. *Id.*

Defendants argue they first received the recordings in discovery in response to their June 14, 2019 request for production. Dkt. 14 at 2. Defendants explain that they sought to "obtain the recordings first to confirm their recollections of these recordings to <u>avoid</u>" alleging counterclaims based on mistaken recollections. Dkt. 20 at 2 (emphasis in original).

Though Defendant's motion comes after the deadline for amended pleadings, the Court finds that seeking to amend a pleading: (1) two months after early discovery confirms a basis to assert a counterclaim, and (2) one month after the deadline for amended pleadings shows reasonable diligence and good cause for amendment.

---

[2] The Court notes that though the proposed amended answer refers to an August 29, 2019 conversation, both Preston's response and Defendants' reply refer to an August 27, 2019 conversation as the subject of the second counterclaim.

**B.      Rule 15**

If a court finds good cause for leave to amend under Rule 16(a), the court next considers pursuant to Fed. R. Civ. P. 15 whether the amendment shows or would create "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.3d 367, 373 (9th Cir 1990).

Regarding bad faith, Preston argues that because Defendants knew about the August 23, 2018 recording at minimum a few days after it was made (while he was still employed with Cellular Plus), but did not complain about it at the time, it is clear that he made the recording with permission and that a counterclaim based on this recording is an "attempt[] to manufacture leverage" and is retaliatory. Dkt. 16 at 9. The Court finds that Defendants' explanation for the delay is plausible, and on balance, does not find the kind of "strong evidence" of bad faith that would lead a court to deny leave to amend on this basis. *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

Regarding prejudice, Preston argues that Defendants seek to force him to incur additional attorney's fees to "defend against dubious claims." Dkt. 16 at 10. Similarly, the Court finds that the claims are not so clearly without merit that asserting them constitutes strong evidence Defendants seek to assert these claims only to cause Preston the expense to defend against them. *Sonoma Cty. Ass'n of Retired Emps.*, 708 F.3d at 1117.

1 | Regarding futility, Preston argues on the facts that the proposed counterclaims are futile. Dkt. 16 at 10. However, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Leave to amend should be denied when "it appears beyond doubt that the proposed pleading would be subject to dismissal." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 654 (W.D. Wash. 2015). Here, Defendants have alleged facts in support of their claims, and it is not beyond doubt that the counterclaims would be subject to dismissal.

Finally, the Court finds for the same reasons it found diligence under Rule 16 that delay was not undue, and finds that though Defendants have previously amended their answer, that is not reason to deny amendment on the basis of information received in discovery.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to amend answer and defenses to assert counterclaims, Dkt. 14, is **GRANTED**. Defendants shall file the amended answer as a separate entry on the electronic docket.

Dated this 11th day of October, 2019.

BENJAMIN H. SETTLE
United States District Judge